UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER, INC.,

                      Plaintiff,

            v.

GOTHAM ORGANIZATION INC., FXFOWLE
ARCHITECTS, P.C. d/b/a FX COLLABORATIVE
ARCHITECTS, BAM GO DEVELOPERS LLC, and
55TH & 9TH LLC,

                      Defendants.

19 Civ. 4764

**COMPLAINT**

Plaintiff Fair Housing Justice Center, Inc. ("FHJC") by its attorneys, Emery Celli Brinckerhoff & Abady LLP, for its Complaint against Defendants Gotham Organization, Inc. ("Gotham"), FXFOWLE Architects, P.C. d/b/a FX Collaborative Architects ("FXFOWLE"), 55th & 9th LLC, and BAM-GO Developers LLC (collectively the "Defendants"), alleges as follows:

**INTRODUCTION**

1. Gotham is a major developer of multi-family housing in New York City, including over 700 rental units at The Ashland in Fort Greene and The Nicole in Hells Kitchen. FXFOWLE is an architectural firm that designed The Ashland. Testing by the FHJC has revealed that both buildings are inaccessible to people with disabilities. Although it has been well settled for decades that developers and architects are required to design and construct new residential multi-family buildings with certain accessibility features, Gotham and FXFOWLE openly ignored their legal obligations and denied equal housing opportunity to people with physical disabilities in New York City. Strikingly, FWFOWLE ignored its legal obligations in designing The Ashland even though it was sued by the Department of Justice concerning a

*different* inaccessible rental building and entered into a consent decree admitting violations for that building.

2. Based on investigations conducted by the FHJC over the past ten years in New York City, nearly 20 lawsuits have been filed in federal court against some of the largest multi-family residential developers and architects alleging a failure to design and construct accessible housing as required by fair housing laws. Broad remedies to retrofit the housing, compensate victims, and ensure that future new residential construction is accessible to people with physical disabilities have been implemented in those cases not yet pending in court. As a result, FHJC has found an increased level of compliance generally among residential developers in New York City. In this context, Gotham and FXFOWLE's continuing noncompliance is indicative of the companies' ongoing practice of denying housing to persons with physical disabilities, including those who use wheelchairs, and their intentional refusal to comply with fair housing laws.

3. FHJC seeks to halt and reform Defendants' discriminatory practices so that multi-family housing developed by Defendants, currently and in the future, will be designed and constructed in full compliance with the law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 2201, and 42 U.S.C. § 3613. This Court has supplemental jurisdiction over the New York State and New York City causes of action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants' offices are in this District and a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

**Plaintiff**

6. The FHJC is a non-profit organization dedicated to ensuring that all people have equal access to housing opportunities in the New York City metropolitan region by eliminating housing discrimination and creating open, accessible, and inclusive communities. The FHJC's office is located in Queens, New York.

7. Among other things, the FHJC: (a) provides information to the public and other nonprofit organizations in the New York City area about fair housing laws, (b) provides intake counseling to individuals and organizations alleging housing discrimination, (c) conducts testing and other investigations of allegations of housing discrimination, (d) makes legal referrals to cooperating attorneys, (e) assists with the preparation and filing of administrative housing discrimination complaints, and (f) provides post-referral litigation support services. The FHJC provides these services free of charge and without regard to income.

8. The FHJC also conducts testing investigations for government law enforcement agencies, provides technical assistance to nonprofit organizations engaging in fair housing enforcement activities, and engages in policy initiatives that further the FHJC's mission, including the publication and dissemination of reports and educational materials.

9. The FHJC operates the Adele Freidman Housing Accessibility Fund ("the Fund") for the purpose of providing financial assistance to persons with physical disabilities within FHJC's service area who need reasonable modifications made to their existing housing to make it accessible. FHJC established the Fund, in part, due to residential developers and architects continuing to design and construct inaccessible multi-family housing in New York City in violation of fair housing laws.

10. The FHJC employs individuals as "testers," who are persons that pose as renters or homebuyers for the purpose of obtaining information about the conduct of local governments, landlords, real estate companies, housing developers, agents, and others to determine whether illegal housing discrimination is taking place.

11. The FHJC expended staff time and other resources to investigate and respond to Defendants' discriminatory practices, which diverted resources away from other FHJC activities.

12. By designing and constructing inaccessible housing, Defendants' practices have frustrated and continue to frustrate the FHJC's mission to ensure that all people have equal access to housing opportunities in the greater New York City region.

**Defendants**

13. Defendant the Gotham Organization Inc. ("Gotham") is a business corporation incorporated in New York, with its principal place of business at 432 Park Ave South, 2nd floor, New York, New York 10016. Gotham advertises as having built over 40 million square feet of space in its 100-year existence. Defendant Gotham and its related entities developed, own, and manage The Ashland and The Nicole.

14. Defendant FXFOWLE Architects, P.C. ("FXFOWLE") is a professional corporation incorporated in New York, with its principal place of business at 22 West 19th Street, 11th floor, New York, New York 10011. Defendant FXFOWLE is the architectural firm that designed and constructed the multi-family residential dwelling units and common areas at The Ashland. Defendant FXFOWLE Architects changed its name as part of a rebranding effort in January 2018 to FXCollaborative Architects.

15. BAM GO Developers LLC ("BAM GO") is a limited liability company that is incorporated in New York. Its New York department of state registration states that any

4

process should be sent "C/O GOTHAM ORGANIZATION, INC." and lists Gotham's Park Avenue South address.  BAM GO Developers LLC owns The Ashland.  As the owner, Defendant BAM GO has been responsible for the overall design and construction of the dwelling units and common areas at The Ashland.

16.   55th & 9th LLC is a limited liability company that is incorporated in New York.  Its New York department of state registration states that any process should be sent "C/O GOTHAM ORGANIZATION INC." and lists Gotham's Park Avenue South address.  55th & 9th LLC owns The Nicole.  As the owner, Defendant 55th & 9th LLC has been responsible for the overall design and construction of the dwelling units and common areas at The Nicole.

## STATUTORY AND REGLUATORY FRAMEWORK

17.   In 1988, Congress enacted the Fair Housing Act Amendments ("FHAA") design and construction accessibility requirement as part of comprehensive amendments to the Fair Housing Act to prohibit discrimination on the basis of disability.[1]  The legislative history of the FHAA reflects Congressional findings that steps and thresholds at building or unit entrances send the same signal to persons using a wheelchair as a posted sign saying "No Disabled People Allowed."

18.   Poorly designed and constructed buildings often exclude people with physical disabilities, including those use wheelchairs.  In considering the 1988 amendments, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including "architectural barriers" erected by architects, developers and builders who fail to design and construct

---

[1] The Fair Housing Act Amendments ("FHAA") uses the term "handicap" rather than "disability." Both terms have the same legal meaning.  *See Bradgon v. Abbott*, 524 U.S. 624, 631 (1998).  This complaint uses the terms "disability" and "handicap" interchangeably.  The term "disability" is more generally accepted.

dwellings and common use areas at those dwellings accessible to and adaptable by people with physical disabilities.  H.R. Rep. No. 100-711, at 25 (1988), *reprinted in* 1988 U.S.C.A.A.N. 2173, 2186; 134 Cong. Rec. S10454, 10463 (Aug. 1, 1998).

19. The FHAA mandates that multi-family residential buildings containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") are subject to certain design and construction requirements.  Covered multi-family dwellings must provide:

   a. Public-use and common-use areas that are readily accessible to, and usable by, people with mobility impairments;

   b. Doors designed to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by people in wheelchairs;

   c. An accessible route into and through the dwellings;

   d. Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

   e. Reinforcements in bathroom walls that allow for the later installation of grab bars; and

   f. Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

20. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated the final FHAA design and construction regulations in January 1989.  24 C.F.R. § 100.205.  HUD published the final Fair Housing Accessibility Guidelines on March 6, 1991, 56 Fed. Reg. 9472 ("FHAAG"), which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for people with physical disabilities, A117-1-1986 ("ANSI"), the *Fair Housing Act Design Manual* in August 1996, which was revised in August

1998, and the *Accessibility Requirements for Covered Multifamily Dwellings under the Fair Housing Act* in April 2013.

21. The New York State Human Rights Law similarly prohibits failing to design and construct covered multifamily dwellings in an accessible manner. Article 15 of the New York Executive Law §§ 296(5) and (18).

22. The New York City Human Rights Law prohibits discrimination in the rental of, or to otherwise deny or withhold, a housing accommodation to a renter because of disability. NYC Administrative Code §§ 8-107(5) and 27-292.8 which contains the accessibility requirements under the New York City Building Code.

## FACTUAL BACKGROUND

23. This case concerns two rental buildings developed by Defendant Gotham: The Ashland and The Nicole. Defendant FXFOWLE designed The Ashland.

**FXFOWLE Has Engaged in a Pattern of Violating Accessibility Laws**

24. In 2014, the United States of America, by the United States Attorney for the Southern District of New York, filed a complaint against, *inter alia*, FXFOWLE (14 cv 2698), alleging that FXFOWLE's design of a residential building called The Helena on West 57th Street in Manhattan violated the Fair Housing Act and the Americans with Disabilities Act.

25. The United States alleged that The Helena was designed with "scores of inaccessible features."

26. In February 2016 FXFOWLE agreed to enter into a consent decree with the United States. As part of the consent decree, FXFOWLE *admitted* that The Helena did not satisfy the accessibility standards established under the Fair Act Guidelines.

27. FXFOWLE agreed to a three-year consent decree which required it to

7

change its practices, pay into a settlement fund for those harmed at The Helena, pay a civil penalty, and educate its employees, among other provisions.

28. Yet even as FXFOWLE was under investigation by the United States for its inaccessible design of The Helena, FXFOWLE was preparing a design for The Ashland that was likewise inaccessible to people with disabilities.

**Lack of Accessibility at The Ashland**

29. The Ashland is a 53-story, 586-unit residential rental building located at 250 Ashland Place in Fort Greene, Brooklyn. It was built in 2016 and is owned, developed, and managed by Defendant Gotham. The building was designed by FXFOWLE.

30. The Ashland includes studio, 1, 2 and 3-bedroom apartments, some with private terraces. All of the apartments at The Ashland are covered dwelling units as defined by the Fair Housing Act. Common amenities include, among other things, a roof deck, fitness center, outdoor terraces, outdoor movie screening area, barbeque area, billiard room, and resident lounge.

31. On September 28, 2018, FHJC sent two testers to The Ashland posing as sisters to inquire about a 1- or 2-bedroom apartment for rent on behalf of a relative with disabilities who uses a wheelchair.

32. The two FHJC testers met with a man named Frank who said he was a leasing agent for The Ashland. Frank showed the testers a 3-bedroom apartment with a terrace and a one-bedroom apartment. The testers observed the following during their visit to The Ashland:

    a. All the common areas had large glass doors that required excessive force to open and the doorway to an outdoor common area was too narrow;

    b. The public restrooms adjacent to the common amenities had stalls that were

      too narrow;

c. Large furniture obstructed access to the rooftop lounge;

d. The mailboxes were too high;

e. The door leading to the terrace in the 3-bedroom apartment had a threshold that was too high; and

f. The electrical outlets in both units were too low.

**Lack of Accessibility at The Nicole**

33. The Ashland is not the only residential building that Defendant Gotham has developed in violation of the accessibility requirements of the Fair Housing Act and other fair housing laws.

34. The Nicole is a 20-story, 145-unit resident rental building located in Hell's Kitchen on 55th Street and 9th Ave. in Manhattan that Gotham built in 2004.

35. The Nicole advertises as being a "luxury rental building which offers resident-only concierge and exclusive amenities."

36. These amenities include a sun terrace, resident lounge, and a fitness center. Numerous apartments in The Nicole also have balconies or terraces.

37. On October 3, 2018, the FHJC sent two testers posing as a brother and sister to inquire about a studio or 1-bedroom apartment for rent for a relative with disabilities who uses a wheelchair.

38. The two testers went to The Nicole apartment building. Based on instructions from a real estate agent, they viewed a studio apartment on their own after receiving keys from the doorman.

39. The testers observed the following during their October 3, 2018 visit:

a. The common terrace was only accessible by steps;

    b. Access to the laundry room was obstructed;

    c. The mailboxes were too high; and

    d. The kitchen was too narrow.

40. On February 1, 2019, the FHJC sent two testers posing as a brother and sister to inquire about an advertised 2-bedroom apartment for rent for a relative with disabilities who uses a wheelchair.

41. The two testers went to The Nicole apartment building on February 1, 2019 and were shown a two-bedroom apartment by Gotham's leasing agent.

42. The testers observed the following during their February 1, 2019 visit:

    a. The doors to the bathrooms, second bedroom, and walk-in closet were too narrow;

    b. The unit's terrace was only accessible with steps;

    c. The kitchen was too narrow;

    d. The common terrace was only accessible by steps;

    e. The common restroom was too narrow;

    f. The lounge in the lobby was only accessible with a step;

    g. The mailboxes were too high; and

    h. The front door to the building required excessive force to open.

43. The testers asked Gotham's agent whether the walls were reinforced in the bathroom so grab bars could be installed. The agent responded that grab bars could be installed but did not indicate whether the walls were reinforced. Without reinforced walls, grab bars are generally less effective. The agent also offered to provide a ramp to access the terrace in the unit and to access the outdoor common amenity space, acknowledging that those areas are not

accessible.

**Gotham's and FXFOWLE's Ongoing Design and Construction of Inaccessible Housing**

44. The inaccessible design and construction features at The Ashland and The Nicole are similar. And the inaccessible features of The Ashland are similar to the inaccessible features of The Helena that were the subject of FXFOWLE's consent decree with the United States. These similarities (which, for Gotham, spanned 12 years) indicate that Defendants have a regular practice of designing and constructing multi-family residential dwellings in New York City that do not comply with the accessibility requirements of the Fair Housing Act, the New York State Human Rights Law or the New York City Human Rights Law.

45. FHJC has identified other multi-family residential apartment buildings that Gotham is currently in the process of designing and constructing, including two projects in Long Island City's Hunter Point South in Queens, one with 452 residential units and the other with 692 residential units.[2] FHJC has also identified other multi-family residential apartment buildings designed by FXFOWLE that are opening this year, including the Crossing at Jamaica Station which has 669 units. Since construction has not yet been completed, or in some instances started, at these additional sites, FHJC is currently unable to determine whether their design or construction complies with the accessibility requirements of fair housing laws.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
(Fair Housing Act – Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC)

46. Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

---

[2] *See* https://therealdeal.com/2019/04/05/the-top-10-biggest-real-estate-projects-coming-to-nyc-23/.

11

47. The apartment units at The Ashland and The Nicole are "covered multi-family dwellings" as defined by 42 U.S.C. § 3604(f)(7).

48. Defendants Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC have designed and constructed multifamily dwellings and common use areas at The Ashland and The Nicole in violation of 42 U.S.C. § 3604(f)(3)(C).

49. As a direct and proximate result of Defendants Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC's failure to design and construct in compliance with the accessibility requirements of the Fair Housing Act, Plaintiff FHJC has suffered, and will continue to suffer, injury, including monetary damages.

50. As a direct and proximate result of Defendants' failure to design and construct in compliance with the accessibility requirements of the Fair Housing Act, inaccessible dwellings have been constructed in New York City that reduce housing opportunities for persons with physical disabilities.

51. These Defendants' failure to design and construct accessible housing was and is intentional, willful, or done with reckless disregard.

## SECOND CAUSE OF ACTION
### (Fair Housing Act – FXFOWLE)

52. Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

53. The apartment units at The Ashland are "covered multi-family dwellings" as defined by 42 U.S.C. § 3604(f)(7).

54. Defendant FXFOWLE have designed and constructed multifamily dwellings and common use areas at The Ashland in violation of 42 U.S.C. § 3604(f)(3)(C).

55. As a direct and proximate result of Defendant FXFOWLE's failure to design and construct in compliance with the accessibility requirements of the Fair Housing Act, Plaintiff FHJC has suffered injury, including monetary damages.

56. As a direct and proximate result of Defendant FXFOWLE's failure to design and construct in compliance with the accessibility requirements of the Fair Housing Act, inaccessible dwellings have been constructed in New York City that reduce housing opportunities for persons with physical disabilities.

57. Defendant FXFOWLE's failure to design and construct accessible housing was intentional, willful, or done with reckless disregard.

## THIRD CAUSE OF ACTION
(New York State Human Rights Law - Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC)

58. Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

59. Plaintiff is a person as defined by Executive Law § 292(1).

60. The Nicole and The Ashland are "housing accommodations" as defined by Executive Law § 292(10).

61. Defendants Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC have designed and constructed the above-identified housing accommodations in violation of the accessibility requirements found in Executive Law § 296(18)(3) and the New York State Uniform Fire Prevention and Building Code.

62. As a direct and proximate result of Defendants' failure to design and construct in compliance with the accessibility requirements of the New York State Human Rights Law, Plaintiff FHJC has suffered injury, including monetary damages.

13

63. Defendants' failure to design and construct accessible housing was intentional, willful, or with reckless disregard.

### FOURTH CAUSE OF ACTION
### (New York State Human Rights Law – FXFOWLE)

64. Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

65. Plaintiff is a person as defined by Executive Law § 292(1).

66. The Ashland is a "housing accommodations" as defined by Executive Law § 292(10).

67. Defendant FXFOWLE has designed and constructed The Ashland in violation of the accessibility requirements found in Executive Law § 296(18)(3) and the New York State Uniform Fire Prevention and Building Code.

68. As a direct and proximate result of Defendant FXFOWLE's failure to design and construct in compliance with the accessibility requirements of the New York State Human Rights Law, Plaintiff FHJC has suffered injury, including monetary damages.

69. Defendant FXFOWLE's failure to design and construct was intentional, willful, or with reckless disregard.

### FIFTH CAUSE OF ACTION
### (New York City Human Rights Law - Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC)

76. Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

77. Plaintiff is a person as defined by Administrative Code § 8-102(1).

78. The Ashland and The Nicole are "housing accommodations" as defined by Administrative Code § 8-102(10).

79. Defendants Gotham Organization, Inc., 55th & 9th LLC, and BAM-GO Developers LLC have designed and constructed the above-identified housing accommodations in violation of the accessibility requirements found in Administrative Code § 27-292.8.296(18)(3).

80. By doing so, these Defendants are otherwise denying and/or withholding housing accommodations from people with disabilities in violation of Administrative Code § 8-107(5)(a)(1).

81. By doing so, these Defendants are discriminating in the furnishing of facilities or services in connection with housing accommodations based on disability in violation of Administrative Code § 8-107(5)(a)(2).

82. As a direct and proximate result of Defendants' failure to design and construct in compliance with the accessibility requirements of the New York City Human Rights Law, Plaintiff FHJC has suffered injury, including monetary damages.

83. Defendants' failure to design and construct was intentional, willful, or with reckless disregard.

84. Plaintiff has caused to be served a copy of this complaint upon the City Commission on Human Rights and Corporation Counsel, pursuant to Administrative Code § 8-502(c).

**SIXTH CAUSE OF ACTION**
**(New York City Human Rights Law – FXFOWLE)**

85. Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

86. Plaintiff is a person as defined by Administrative Code § 8-102(1).

87. The Ashland is a "housing accommodation" as defined by Administrative Code § 8-102(10).

88. Defendant FXFOWLE has designed and constructed the above-identified housing accommodations in violation of the accessibility requirements found in Administrative Code § 27-292.8.296(18)(3).

89. By doing so, Defendant FXFOWLE has otherwise denied and/or withheld housing accommodations from people with disabilities in violation of Administrative Code § 8-107(5)(a)(1).

90. By doing so, Defendant FXFOWLE has discriminated in the furnishing of facilities or services in connection with housing accommodations based on disability in violation of Administrative Code § 8-107(5)(a)(2).

91. As a direct and proximate result of Defendant FXFOWLE's failure to design and construct in compliance with the accessibility requirements of the New York City Human Rights Law, Plaintiff FHJC has suffered injury, including monetary damages.

92. Defendant FXFOWLE's failure to design and construct accessible housing was intentional, willful, or with reckless disregard.

93. Plaintiff has caused to be served a copy of this complaint upon the City Commission on Human Rights and Corporation Counsel, pursuant to Administrative Code § 8-502(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

(a) Declaring that Defendants' discriminatory practices violate the Fair Housing Act, the New York State Human Rights Law, and the New York City Human Rights Law.

(b) Enjoining Defendants, Defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability, by failing to design and construct covered multifamily dwellings in compliance with the accessibility requirements of the Fair Housing Act, the New York State Human Rights Law and the New York City Human Rights Law.

(c) Enjoining Defendants and their agents, employees, and successors, and all other persons in active concert or participation to:

    (i) Make or pay for all the necessary retrofitting in the multifamily dwellings and common areas of The Ashland and The Nicole;

    (ii) Make all necessary modifications to the design and construction of multi-family covered dwellings currently planned for construction in New York City;

    (iii) Make all necessary modifications to their policies, practices, and procedures to comply with fair housing laws;

    (iv) Train all management, agents, and employees on fair housing laws;

    (v) Allow monitoring of their design and construction of covered multifamily dwellings for compliance with the accessibility requirements of the Fair Housing Act, the New York State Human Rights Law and the New York City Human Rights Law;

(d) Awarding such damages to Plaintiff as will fully compensate for injury caused by Defendants' unlawful practices;

(e) Awarding punitive damages to Plaintiff;

(f)   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

(g)   Granting Plaintiff such other further relief as may be just and proper.

Dated: New York, New York
       May 23, 2019

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: _____/s/ *Debra Greenberger*
Diane L. Houk
Debra L. Greenberger
600 Fifth Avenue, 10th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5000

*Attorneys for Plaintiff*