# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER
VIVAKE PRASAD
NOEL LEON

**MEMORANDUM ENDORSED**         July 23, 2021

*Via ECF*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2021

Hon. Gregory Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    Re: *Fair Housing Justice Center, Inc. v. Gotham Organization Inc., et al.*
       No. 19 Civ. 4764

Your Honor:

  We represent Plaintiff Fair Housing Justice Center in the above-referenced case. We write, jointly with Defendants, to request that the Court so-order the enclosed Settlement Agreement and Order. *See* Agr. p. 28.

  The parties have negotiated a settlement agreement that provides, among other things, for the Gotham Defendants to make physical retrofits to the two rental buildings at issue in this case within five years. Agr. Section IV. A neutral inspector will inspect the buildings at various points in time and confirm compliance with the agreed-upon physical retrofits. Agr. Section IV(e). In addition, Defendants have agreed to pay monetary relief to Plaintiff within sixty (60) days after the date the agreement is so-ordered by the Court. *See* Order ¶ 3. Under the terms of the proposed Order, Plaintiff will file a Stipulation and Order of Dismissal with the Court within five business days after Plaintiff receives the monetary relief. *See* Order, ¶ 9.

  After the Stipulation of Dismissal is ordered, the parties may seek leave to reopen the case only by motion to enforce compliance with the Order, and the parties can only file such a motion after attempting, in good faith, to resolve any dispute without the Court's assistance and only after a 45-day cure period. Agr. .¶¶ 5-6. These provisions are included in the Agreement to provide the parties with a dispute resolution process through the term of the Agreement that does not require filing a new action.

We thank the Court for its time and attention to this matter.

> Respectfully submitted,
>
> /s *Diane L. Houk*
> Diane L. Houk
> Debra Greenberger

Encl.
cc:     All counsel of record (via ECF)

The Court declines to enter the parties' stipulation and proposed order. The Second Circuit has "often compared stipulated settlements to contracts, and . . . consistently applied the law of contract to disputes concerning the construction and enforcement of settlements . . . However, when a district court 'so orders' a stipulated settlement, it [accepts] some obligations [including] the duty to enforce the stipulation that it has approved." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000); *see also United States v. New York City Hous. Auth.*, 347 F. Supp. 3d 182, 206 (S.D.N.Y. 2018) ("a federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." (*citing Local No. 93 Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986))). The parties have not established that there is a legal or factual basis for the Court to endorse their agreement. Therefore, although the Court takes no position on the parties' private agreement, the Court declines to enter the proposed order.

SO ORDERED.

Dated: July 24, 2021
New York, New York

GREGORY H. WOODS
United States District Judge