# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER
VIVAKE PRASAD
NOEL LEON

August 4, 2021

*Via ECF*

Hon. Gregory Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

>     Re:   *Fair Housing Justice Center, Inc. v. Gotham Organization Inc., et al.*
>           No. 19 Civ. 4764

Your Honor:

We represent Plaintiff Fair Housing Justice Center ("FHJC") in the above-referenced case. We write, jointly with Defendants, to respectfully request that the Court reconsider its decision of July 24, 2021 and so-order the enclosed Settlement Agreement and Order ("Agreement"). Dkt. 110.

This letter details the underlying factual and legal bases for the parties' joint request. We hope that this fuller explanation provides the necessary information for the Court to evaluate the parties' request. We apologize to the Court for not providing this explanation at the outset. As set forth in more detail below, there is a sound basis for the Court retaining limited jurisdiction in this case, namely delivering enhanced accessibility to persons with disabilities who reside at or visit the buildings that are the subject of the lawsuit. In the alternative, we ask that the Court hold a conference with all parties so we can discuss this matter further.

**Summary of the Agreement**

Plaintiff is a non-profit fair housing organization whose mission is to eliminate housing discrimination; promote polices that foster open, accessible, and inclusive communities; and strengthen enforcement of fair housing laws. It brought this lawsuit alleging discrimination in the design and construction of two high-rise residential rental buildings in New York City, in

violation of the federal Fair Housing Act ("FHA") and local fair housing laws.[1]

The parties engaged in arms-length settlement discussions beginning soon after the filing of the case and continuing for well over a year. As the Court is aware from the discussions held at status conferences, those negotiations focused on the work of accessibility experts and their examination of the two buildings at issue. The parties then engaged a private mediator to assist them to reach agreement on all the remaining settlement terms. To resolve this case without further litigation, the parties agreed to a detailed retrofit plan applying to common areas and numerous individual units in the two buildings, scheduled to take place over a five-year term. Agreement ¶¶ 3, 6, and Ex. C. By way of example, the developer defendants have agreed to renovate trash rooms used by residents, outdoor spaces, laundry rooms, and mail rooms to increase accessibility for people with mobility impairments. The developer defendants have agreed as well to modify individual units to increase physical access, including in bathrooms and kitchens. The Agreement provides for an independent inspector to review and certify that the retrofits are done properly. *Id.* Section IV.

The Agreement includes an enforcement mechanism, pursuant to which the parties may seek the aid of the Court where, after a cure period has run, they cannot agree. *Id.* ¶ 6. Specifically, the parties have agreed to work in good faith to informally resolve any difference by giving each other party written notice of any instance of alleged noncompliance and providing forty-five (45) days to cure and attempt to resolve any disputes. *Id.* It also permits the parties to modify the Agreement in writing without the intervention of the Court. *Id.* ¶ 67. Only where the parties are unable to reach agreement at the conclusion of the cure period, may one of them seek the Court's assistance. *Id.* ¶ 6.

**The Public Interest Will be Served by the Court Retaining Jurisdiction**

The Agreement serves the public interest in several ways. *Id.*, 347 F. Supp. 3d at 207. First, as discussed, the Agreement includes a detailed retrofit plan for common areas and units in both buildings at issue that will provide for greater accessibility for persons with disabilities. Second, the Agreement provides for notices to be sent to current and future residents at the two buildings about available modifications for their units and to non-profit organizations working with renters with disabilities about accessible features in the buildings. Third, certain fair housing policies and standards for future design and construction by Defendants, along with accessibility training for their employees, are covered by the Agreement.

The United States Attorney for the Southern District of New York ("DOJ") has brought similar FHA actions against real estate developers in this District alleging that residential housing was designed and built in a manner that is not accessible to people with physical disabilities. In each such case (of which the parties are aware) the DOJ resolved such actions through a settlement agreement, pursuant to which the defendants, *inter alia*, agreed to make detailed retrofits to the buildings at issue over a multi-year period, similar to the Agreement here. Trial courts in this District have agreed to retain jurisdiction over the term of the agreement, in order to enforce the agreement, as the parties propose here. *See United States v. Atlantic*

---

[1] The architect, FXCollaborative Architects, LLP, was only involved in the design of one of the two buildings, The Ashland.

*Development Group*, 19-cv-09551-LJL-RWL (SDNY), Dkt. 83 (Court so ordered agreement); *United States v. The Durst Organization, Inc.*, 14-cv-02698-RA (SDNY), Dkt. 89 (same); *United States v. Glenwood Management Corp.*, 16-cv-00836-JPO (SDNY), Dkt. 9 (same); *United States v. Silverstein Properties, Inc.*, 17-cv-0076-VSB (SDNY), Dkt 52 (same). A review of the dockets of those cases indicates that the parties have rarely required the Court's involvement.

Plaintiff shares the DOJ's goal of improving accessibility for disabled persons in New York apartment buildings. In lawsuits brought by private parties such as FHJC under FHA, the plaintiffs "act not only on their own behalf but also 'as private attorneys general in vindicating a policy that Congress considered to be of the highest priority.'" *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 209, 211 (1972). FHJC routinely seeks injunctive relief similar to that sought by the DOJ, and courts in this Circuit have repeatedly so ordered FHJC's settlement agreements in cases like this one. *See FHJC v. The Rabsky Group LLC*, 17-cv-4006 (ERK), Dkt. No. 89 (April 26, 2021); *FHJC v. JDS Development, LLC* et al., 1:19-cv-01171 (AT), Dkt. No. 218 (March 8, 2021); *Vilchez et al. v. AVR Realty Company LLC* et al 13-cv-5522 (KMW), Dkt. No. 105 (Aug. 27, 2015). Each time FHJC has asked a Court to "so order" such an agreement (in the above cases and others), the Court has agreed to retain jurisdiction and has "so ordered" the applicable settlement agreement.

By retaining limited jurisdiction in this case, the Court would ensure a more efficient, streamlined enforcement mechanism than would otherwise be available. In the rare circumstance where the parties have sought judicial intervention—only a few instances over dozens of agreements that FHJC has entered into—the enforcement required only cabined motion practice. Without the availability of the Court, the parties would be required to engage in more cumbersome, costly dispute resolution, for example, commencing an arbitration or a separate state court action

**Legal Basis for Retention of Jurisdiction**

This Court has authority to retain jurisdiction: "If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2) . . . . the court's 'retention of jurisdiction' over the settlement contract[] may, in the court's discretion, be one of the terms set forth in the [dismissal] order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). In exercising such discretion, courts "make a reasoned determination as to whether retention (of jurisdiction) is appropriate." *Cross Media v. Budget*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004) (noting that a court might "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it").

For the reasons detailed above, retention of jurisdiction is appropriate and in the public interest and would place no "undue burdens" on the court. *Id.* None of the terms of the Agreement are confidential and the parties do not ask the Court to seal the file of this case. *Contra Geller,* 212 F.3d at 737-738. The proposed Agreement also details exactly what actions the Defendants will undertake and the limited role of the Court in enforcement, and attaches the text of the proposed Order of Dismissal. Agreement ¶ 6, Ex. K. This is in marked contrast to *NYCHA*, where the court was concerned that "the indeterminacy of the enforcement provisions goes hand in hand with the indeterminacy of NYCHA's obligations under the proposed decree

generally." *United States v. New York City Hous. Auth.*, 347 F. Supp. 3d 182, 202 (S.D.N.Y. 2018). And the FHA itself provides for Court-ordered injunctive relief. *See* 42 U.S.C. § 3613(c)(1)(b) (Court may grant any permanent or temporary injunction or other order, "including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriates.").

   We thank the Court for its time and attention to this matter.

Respectfully submitted,

 /s *Diane L. Houk*
Diane L. Houk
Debra Greenberger

Encl.
C.  All counsel of record (via ECF)