# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER
VIVAKE PRASAD
NOEL LEON

October 28, 2021

*Via ECF*

Hon. Gregory Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    Re: *Fair Housing Justice Center, Inc. v. Gotham Organization Inc., et al.*
       No. 19 Civ. 4764

Your Honor:

  We represent Plaintiff Fair Housing Justice Center ("FHJC") in the above-referenced case. We write, jointly with Defendants, to update the Court on the status of settlement per Docket Entry 117 and ask Your Honor to sign and enter the enclosed stipulation and order for dismissal with prejudice ("Proposed Order"). The Proposed Order states that the Court shall retain jurisdiction over the action for the sole purpose of enforcing compliance with the terms of the Amended Settlement Agreement ("Amended Agreement"), a signed copy of which is attached as Exhibit A to the Proposed Order. The attached Amended Agreement between the parties contains all the terms agreed to by the parties to resolve this action and does not contain any confidential terms. The Amended Agreement becomes effective when the Court enters the enclosed Proposed Order retaining jurisdiction. In light of the Court's prior concerns, the parties amended their original settlement agreement and are now not asking the Court to "so-order" the agreement itself. The parties entered into the Amended Agreement on September 21, 2021and, as of today, have now fulfilled all the requirements of that Amended Agreement so that Plaintiff may ask the Court to sign the Proposed Order.

  The enclosed Proposed Order limits the Court's jurisdiction by creating a dispute resolution mechanism that the parties must comply with prior to filing any motion to enforce the Amended Agreement. The parties must endeavor in good faith to informally resolve any differences before involving the Court. Specifically, the moving Party must first provide written notice of any instance of alleged noncompliance. There is then a forty-five (45) day cure period

during which the parties will confer in good faith and attempt to resolve the alleged noncompliance by agreement. *See* Proposed Order ¶ 3; Amended Agreement ¶ 6. The parties do not expect that they will utilize this enforcement mechanism. Indeed, in almost all of the similar agreements FHJC has entered into in which the court has retained jurisdiction, the parties have not sought court intervention and have resolved all disputes during the cure/conferral period.

The ability to obtain court relief as a streamlined enforcement mechanism serves several important goals. In previously settled matters between the FHJC and the opposing party, the obligation to provide notice and a cure period, with court intervention as a backstop, has proven effective. In the rare circumstance where the parties needed to seek court intervention—only a few instances over dozens of agreements FHJC has entered into—the enforcement was efficient, requiring only cabined motion practice. Had the federal court not retained jurisdiction, alternative dispute resolution options would have included arbitration or a separate state court action in the event of a defendant's non-compliance. These options would be costly, time-consuming, and would not serve Congress's goal of ensuring housing is available to people with disabilities as provided by the federal Fair Housing Act.

For these reasons, the parties in this action jointly request the Court enter the enclosed stipulation and order for dismissal with prejudice and with limited jurisdiction retained by the Court to enforce the terms of the attached Amended Agreement.

Respectfully submitted,

/s *Debra Greenberger*
Diane L. Houk
Debra Greenberger

Encl.

C. All counsel of record (via ECF)